UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS E. SMOLKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| FEDERAL BUREAU OF PRISONS, | ) | 08-40166-DPW |
| REGINALD BARNETT, M.D., DANIEL | ) | |
| GOLDSTEIN, PUBLIC HEALTH OFFICER, | ) | |
| DR. SANDRA HOWARD, BOP CLINICAL | ) | |
| DIRECTOR, DAVID G. JUSTICE, BOP | ) | |
| WARDEN, JORGE LUIS PARTIDA, M.D., | ) | |
| BOP CLINICAL DIRECTOR, CAROLYN A. | ) | |
| SABOL, WARDEN, INDIVIDUALLY AND | ) | |
| OFFICIALLY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER
March 25, 2010

The plaintiff prosecuting this action through a rambling pro se complaint - which is anything but short, plain, concise or direct, *see* Fed. R. Civ. P. 8 - is a prisoner at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") serving sentences for fraud convictions imposed in the United States District Court for the District of Oregon and the United States District Court for the Eastern District of Virginia.  He appears to be raising *Bivens* and Federal Tort Claims based upon medical treatment he has received in this District at FMC Devens

-1-

and earlier at the FCI Big Spring in Texas.  The defendants have
moved to dismiss or for summary judgment.[1]

The plaintiff's medical records show substantial medical
attention through the Bureau of Prisons over a number of years,
principally for eye problems.  The plaintiff's claims regarding
that medical attention stumble at the threshold.  To the degree
that claims are made concerning medical services in Massachusetts
through FMC Devens, the plaintiff has failed even to undertake
exhaustion of administrative remedies as required by the Prisoner
Litigation Reform Act, 42 U.S.C. § 1997(e).  *See generally
Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S.
516 (2002), *Booth v. Churner*, 532 U.S. 731 (2001).  To the degree
that the claims concern the actions of individual defendants who
performed medical services outside Massachusetts, there is no
personal jurisdiction of this court over those defendants.
*See generally Harlow v. Children's Hospital*, 432 F.3d 50 (1st
Cir. 2005).

The plaintiff concedes that he did not undertake exhaustion
of remedies after arriving at FMC Devens, but seems to argue that
he did not need to, since he exhausted at least some medical

---

[1] I dispose of this motion as a matter of summary judgment
because materials regarding the plaintiff's pursuit of
administrative remedies and medical history, while not materially
in dispute, are not alleged in plaintiff's complaint itself but
have played a role in my resolution of the defendants' motion.
That role, however, does not require further discovery before
summary judgment may be granted.

claims he made while in Texas.  It is not necessary for present purposes to decide whether each new arguably actionable medical action or inaction gives rise to a separate obligation of exhaustion.  In this case, it is sufficient to note that in order to make a claim against an individual or institution, the actions of the individual, even if not identified by name, or institution must generally be the subject of an exhausted administrative remedy.  No action by anyone at FMC Devens has apparently ever been the subject of any such administrative procedure.  In the absence of the required administrative procedure, no litigation can be maintained to pursue claims of medical mistreatment or non-treatment at FMC Devens.  *Acosta v. U.S. Marshals Service*, 445 F.3d 509, 512 (1st Cir. 2006).

I need not parse the several requests for administrative remedies apparently made by the plaintiff as to his treatment at FCI Big Spring in Texas in order to determine which have been fully exhausted and whether a particular administrative proceeding would support the claims he brings here.  As to the Texas individual defendants, the problem is even more fundamental.  Principles of due process require that they only be brought into court in a jurisdiction with which they have had some appreciable minimum contacts.  *See generally International Shoe Co. v. Washington*, 326 U.S. 310 (1945).  There is no showing made that either of the Texas defendants has such contacts with this jurisdiction in connection with this dispute.

-3-

Having found that the plaintiff has not satisfied threshold requirements for pursuing in this case claims such as those limned in his pleadings against the several individuals, I need go no further.  Lacking a claim on which he can proceed regarding the individual defendants, the plaintiff's claims against the sovereign or institutional defendants for which they work - the United States and the Federal Bureau of Prisons - are without foundation.  Accordingly, I will direct judgment for all defendants on the procedural grounds discussed above.  It bears noting, moreover, that a cursory review of the course of his medical treatment suggests that the underlying facts cannot support a claim of Eighth Amendment deliberate indifference or actionable medical malpractice.  I do not, however, reach the merits definitively; the shortcomings in the procedural posture plaintiff's case presents are more than sufficient to support adverse disposition.  I hereby ALLOW the Defendants' motion for summary judgment and direct the clerk to enter a Judgment for the Defendants.


                              _/s/ Douglas P. Woodlock_____
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE